CLAUDE NICHOLS COMSTOCK, PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 18107.   Promulgated March 11, 1929.

*W. F. Gibbs, Esq.,* for the respondent.

OPINION.

MILLIKEN: The sole question for decision is whether payments of taxes for payment of interest on local improvement bonds are deductible or not in computing net income. The Revenue Act of 1921 provides as follows:

SEC. 214. (a) That in computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(2) All interest paid or accrued within the taxable year on indebtedness \* \* \*

(3) Taxes paid or accrued within the taxable year except \* \* \* (c) taxes assessed against local benefits of a kind tending to increase the value of the property assessed \* \* \*.

If the payments under consideration were payments of interest on indebtedness of the taxpayer, they are deductible under clause (2), but if they were taxes assessed against local benefits they are not deductible.

The pleadings are not definite and specific as to the organization and actions taken by the several drainage districts, but as they are not questioned we will assume that they were regularly and duly organized under the laws of Missouri and that, in assessing the benefits, levying of taxes, and issuing bonds and interest coupons, the

officials of the several districts complied with the law in such cases made and provided.

Special assessments or taxes for local benefits are levied because of the special benefit derived by the property which is assessed, and it is because of this benefit that such taxes are upheld.

Sections 4378, 4379, 4380, Missouri Revised Statutes, provide for the formation of drainage districts to protect and reclaim land and other property from the effects of water for sanitary or agricultural purposes, or when it may be conducive to the public health, convenience or benefit. Sections 4381, 4382, 4383, and 4384 provide for the election and qualification of the board of supervisors. Section 4385 provides for the appointment of a chief engineer to make surveys and report a plan for reclamation. Section 4387 empowers the supervisors to levy a uniform tax of not exceeding 50 cents per acre for the payment of organization and preliminary expenses, and section 4388 provides for the appointment of commissioners by the judge of the circuit court " to appraise the lands within and without said district to be acquired for rights of way, holding basins and other drainage works of the district, and to assess benefits and damages accruing to all lands in the district and other property by reason of the execution of the plan for reclamation."

Section 4390 relates to the duties of the Commissioners and requires them to assess the amount of benefits and damages, if any, accruing to each piece of property affected by the plan of reclamation. Section 4393 empowers the supervisors to build, construct, or contract for the works of improvement, and section 4394 authorizes the supervisors " to levy a tax of such portion of said benefits on all lands, railroad and other property in the district to which benefits have been assessed, as may be found necessary by the board of. supervisors to pay the costs of the completion of the proposed works and improvements." It is further provided that the tax shall be apportioned to and levied on each tract of land in proportion to the benefits received and assessed and that if bonds are issued, then the amount of the interest on such bonds shall be *included in the tax.*

A number of other sections follow not pertinent to this inquiry, except sections 4418 and 4427, which are copied in our findings of fact. By section 4418 the board of supervisors is authorized to issue bonds not to exceed 90 per cent of the total amount of the taxes levied and to bear interest not to exceed the rate of 6 per cent per annum. It is further provided that a sufficient amount of the drainage tax shall be appropriated by the board for the purpose of paying the principal and interest of said bonds and that in making the annual tax levy it should be the duty of the supervisors to take into account the maturing bonds and interest on all bonds and to make ample provisions in advance for the payment thereof. Funds de-

rived from the sale of the bonds are to be used for paying the cost of the drainage works and necessary expenses authorized by law.

From this examination of the Missouri statutes, it is clear that drainage districts are organized for local purposes and that taxes levied to carry out those purposes are assessed against and levied upon property therein in proportion to the benefit received and not in excess thereof. Provisions directing the commissioners to appraise the lands and assess damages, if any, expressly require them to assess the " benefits " to each tract, and the supervisors in assessing and levying the drainage tax are expressly restricted to the benefits derived in fixing the amount of the tax. Whatever part of the tax was used in payment of the interest on the bonds was not a separate payment of interest as such, or a separate tax for that purpose. Nor was it a payment of interest on any personal indebtedness of petitioner. He was merely paying the drainage tax assessed against his property. The indebtedness upon which interest was paid was that of the drainage districts and was paid by them and not him. Under section 4418 the supervisors were authorized to include interest on bonds in the drainage tax.

The Supreme Court of Missouri in *Birmingham Drainage District* v. *Chicago, etc.*, 266 Mo. 60; 178 S. W. 893, held the Missouri laws relating to drainage districts constitutional and held that an assessment for the construction of improvements in a drainage district does not create an indebtedness in the form of taxes within the constitutional limitation of taxation, since sums assessed against property as benefits are not public taxes.

We had practically the same question before us in *F. A. Smith et al.*, 11 B. T. A. 301, and there held that taxes for drainage district purposes were not deductible, nor was the amount paid to pay interest· on bonds issued for such purposes. It was there said:

The petitioners contend, first, that the taxes in question are constitutional taxes for a public purpose and as such are deductible under section 214(a)(3) of the Revenue Act of 1921; and, second, that if they are not such taxes, then the amount thereof used for paying interest on the bonds is deductible under section 214(a)(2) of the 1921 Act as interest paid.

We do not deem it necessary to go into the constitutional and statutory provisions of the law of Texas with reference to the taxes in question. The Supreme Court of Texas has held the payments to be taxes for local improvements or, in other words, assessments. See *Dallas County Levee District No. 2* v. *Looney*, 207 S. W. 310; *Dallas County Levee Improvement District No. 3* v. *Ayers et al.*, 246 S. W. 1112.

In *Caldwell Milling Co.*, 3 B. T. A. 1232, the Board construed section 234(a)(3)(c) of the Revenue Act of 1918 to mean special or local assessments as a class and as such not deductible. Our reasoning therein applies with equal force to the provision of section 214(a)(3)(c) of the 1921 Act. It is clear, therefore, that petitioners' first contention is unsound and can not be sustained.

774

However, petitioners contend that that part of the assessment paid in 1923 which was used for the purpose of paying interest on the bonds issued by Houston Levee District No. 1 is deductible as interest paid under section 214(a)(2) of the 1921 Act. With this contention we can not agree.

The bonds were the obligation of the Levee District and not of the individuals. The assessment of the taxes in question can not be said to constitute a payment of interest on a personal obligation.

The Commissioner's action is, therefore, sustained.

We think this decisive of the case under consideration and the action of the respondent in disallowing the deductions is approved.

This ruling and the case of *F. A. Smith et al.*, *supra*, are not in conflict with the case of *Evens & Howard Fire Brick Co.*, 8 B. T. A. 867, where we held that interest on an apportionment warrant for street improvements was deductible although the amount of the warrant was not deductible, but there was a controlling difference. In the instant case and the *Smith* case, *supra*, interest-bearing bonds of a drainage district were issued and a tax levied and assessed to pay principal and interest, while in the *Evens & Howard* case, *supra*, a street improvement apportionment warrant was issued against taxpayer for its proportionate part of the cost, and because of failure to pay when due interest was added as a penalty. It was no part of the tax, while here the interest is. Compare, also, *Appeal of Caldwell Milling Co.*, 3 B. T. A. 1232.

Petitioner further suggests that the drainage supervisors were not restricted to benefits in levying tax for interest, but there is no showing that they exceeded the benefits derived.

*Judgment will be entered for respondent.*